PEOPLE v RICE

Docket No. 200228. Submitted March 10, 1998, at Grand Rapids. Decided
    August 11, 1998, at 9:10 A.M. On reconsideration, the previous order,
    *ante*, 896, is modified so as to remand the case to the Court of
    Appeals for consideration of the six issues not addressed during its
    initial review of the case. 459 Mich 924.

Benjamin Rice was convicted by a jury in the Berrien Circuit Court,
    Ronald J. Taylor, J., of second-degree murder, assault with intent to
    commit murder, and two counts of possession of a firearm during
    the commission of a felony and was sentenced as a second-offense
    habitual offender. He appealed, alleging that the court erred in
    refusing his request, made the day before his trial began, to dis-
    charge his court-appointed counsel and proceed with the trial in
    propria persona.

    The Court of Appeals *held*:

    1. Trial courts must substantially comply with the requirements
    set forth in both *People v Anderson*, 398 Mich 361 (1976), and MCR
    6.005(D) before granting a defendant's request to proceed in
    propria persona. Substantial compliance requires the court to dis-
    cuss the substance of both *Anderson* and MCR 6.005(D) in a short
    colloquy with the defendant and make an express finding that the
    defendant fully understands, recognizes, and agrees to abide by the
    waiver of counsel procedures. If the court is uncertain regarding
    whether any of the waiver procedures are met, the defendant's
    request to proceed in propria persona should be denied and the
    reasons for the denial noted on the record. The defendant should
    then continue to be represented by retained or appointed counsel,
    unless the court determines substitute counsel is appropriate. Here,
    the trial court did not substantially comply with the waiver require-
    ments stated in *Anderson* and MCR 6.005(D).

    2. The Michigan Supreme Court has not adopted a rule of crimi-
    nal procedure or judicial guidelines that would cause the relin-
    quishment of the right to self-representation if not timely asserted.

    Reversed and remanded.

1. CRIMINAL LAW — CONSTITUTIONAL LAW — RIGHT OF SELF-REPRESENTATION.

    The right of self-representation secured by both constitution and stat-
    ute does not guarantee an absolute right to proceed to trial without

counsel; a knowing and intelligent waiver of the right to counsel is an essential prerequisite to the right to proceed in propria persona; courts must indulge every reasonable presumption against waiver of the fundamental right to counsel (US Const, Ams VI, XIV; Const 1963, art 1, § 13; MCL 763.1; MSA 28.854).

2. CRIMINAL LAW — CONSTITUTIONAL LAW — RIGHT OF SELF-REPRESENTATION — WAIVER OF COUNSEL.

*People v Anderson*, 398 Mich 361 (1976), requires that a court considering a defendant's initial request to proceed pro se must determine that the request is unequivocal, that the right has been asserted knowingly, intelligently, and voluntarily through a colloquy advising the defendant of the dangers and disadvantages of self-representation, and that the defendant's self-representation will not disrupt, unduly inconvenience, and burden the court and the administration of the court's business; MCR 6.005(D) prohibits a court from permitting the initial waiver of the right to be represented by a lawyer without first advising the defendant of the charge, the maximum possible prison sentence for the offense, any mandatory minimum sentence required by law, and the risk involved in self-representation, and offering the defendant the opportunity to consult with a retained lawyer or, if the defendant is indigent, the opportunity to consult with an appointed lawyer.

3. CRIMINAL LAW — CONSTITUTIONAL LAW — RIGHT OF SELF-REPRESENTATION.

Trial courts must substantially comply with the requirements set forth in both *People v Anderson*, 398 Mich 361 (1976), and MCR 6.005(D) before granting a defendant's request to proceed in propria persona; substantial compliance requires the court to discuss the substance of both *Anderson* and MCR 6.005(D) in a short colloquy with the defendant and make an express finding that the defendant fully understands, recognizes, and agrees to abide by the waiver of counsel procedures; if the court is uncertain regarding whether any of the waiver procedures are met, the defendant's request should be denied and the reasons for the denial noted on the record; the defendant should then continue to be represented by retained or appointed counsel, unless the court determines substitute counsel is appropriate.

4. CRIMINAL LAW — CONSTITUTIONAL LAW — RIGHT OF SELF-REPRESENTATION — RELINQUISHMENT.

The Michigan Supreme Court has not adopted a rule of criminal procedure or judicial guidelines that would cause the relinquishment of the right of self-representation if not timely asserted (US Const, Ams VI, XIV; Const 1963, art 1, § 13; MCL 763.1; MSA 28.854).

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Angela Pasula,* Prosecuting Attorney, and *Aaron J. Mead,* Assistant Prosecuting Attorney, for the people.

*Martin J. Beres,* for the defendant on appeal.

Before: MARKEY, P.J., and GRIFFIN and WHITBECK, JJ.

GRIFFIN, J. Defendant was bound over for trial on charges of open murder, MCL 750.316;  MSA 28.548, assault with intent to commit murder, MCL 750.83;  MSA 28.278,  and two counts of possession of a fire-arm during the commission of a felony, MCL 750.227b;  MSA 28.424(2).  Defendant was also noti-fied that, upon conviction, the prosecution would seek to have him sentenced as a second-offense habitual felony offender, MCL 769.10;  MSA 28.1082. Following a four-day trial, the jury convicted defend-ant of second-degree murder, MCL 750.317;  MSA 28.549,  and as otherwise charged. The trial court sen-tenced defendant to two concurrent life terms of imprisonment for the second-degree murder and assault convictions, to be preceded by two concur-rent two-year terms for the felony-firearm convic-tions. Defendant now appeals as of right. We reverse and remand for a new trial only because we are com-pelled to follow *People v Anderson,* 398 Mich 361; 247 NW2d 857 (1976).  Were we permitted, we would fol-low the rule of most other jurisdictions and hold "that a defendant's request to represent himself must be made in a timely manner or else the defendant relin-quishes the unconditional right to represent himself and the matter then rests in the discretion of the trial court." Anno: *Accused's right to represent himself in state criminal proceeding—Modern state cases,* 98

ALR3d 13, § 15, p 68, and cases cited therein.[1] In the present case, because the trial court properly exercised its discretion in addressing defendant's untimely request for self-representation and no abuse of discretion occurred, we would affirm defendant's convictions.

I

Defendant predicates his appeal on the trial court's refusal to permit him to discharge his court-appointed attorney and proceed with the trial in propria persona. On the day before trial, the trial court heard several evidentiary motions, including defense counsel's motion to adjourn on the basis of the prosecutor's alleged failure to produce discovery documents. The trial court denied the motion to adjourn. In this context, defendant, through counsel, then broached the issue of self-representation:

*Mr. Sanford* [*attorney for the defense*]: Mr. Rice also asked me to ask the Court about him representing himself in this matter.

*The Court*: Well.

*Mr. Sanford*: And at his request I'm asking the Court if he can represent himself.

*The Court*: At this juncture, Mr. Rice, you are not going to be representing yourself. Mr. Sanford is going to represent you. You're going to be able to sit next to him and suggest

---

[1] The annotation cites cases from the following jurisdictions in support: Arizona, Arkansas, California, District of Columbia, Florida, Georgia, Illinois, Indiana, Kentucky, Louisiana, Massachusetts, Missouri, Nevada, New York, Oklahoma, Tennessee, Texas, Washington, and West Virginia. See, also, *United States v Martin*, 25 F3d 293, 295-296 (CA 6, 1994), "[e]ven where the right to self-representation is clearly invoked, it must be done so in a timely manner, and courts will balance any such assertion against considerations of judicial delay," and *United States v Jones*, 938 F2d 737, 743 (CA 7, 1991).

questions to him that he can ask and do everything except stand up and argue the case yourself.

*But we are to the eve of trial here. The case is ready to go. There is—it's a—it's a very, very, very serious case. It's a felony, life maximum, automatic life without parole if it gets to be first degree. And you have very competent, very experienced counsel. And I'm not at this point about to discharge your counsel and let you try the case yourself. I would be very remiss in my duty if I did that.* [Emphasis added.]

Then, after a brief discussion regarding another matter, the following colloquy transpired:

*The Defendant*: And I want to state since you said it's too late, you know what I'm saying, to let you know, I just want to go on record that I'm—I'm not too pleased with Mr. Scott Sanford as being my attorney neither, man. You know what I'm saying?

*The Court*: Well, you don't have to be totally pleased then, Mr. Rice. He is doing—believe me, he is doing—by raising the issues here today he's demonstrating he's doing his job.

*The Defendant*: Okay. That's all.

*The Court*: And Mr.—Mr. Sanford is a very experienced defense lawyer. He is a competent lawyer. I have dealt with him for many years in all kinds of cases, and I don't think you need to worry about his ability to present your case appropriate and fairly on your behalf. And that's what it's all about.

On appeal, defendant argues that because the trial court failed to substantially comply with the waiver requirements stated in *People v Anderson*, error requiring reversal occurred. With great reluctance, we agree.

II

The right of self-representation in a criminal trial is implicitly secured by the Sixth Amendment of the

United States Constitution as applied to the states by the Fourteenth Amendment. *Faretta v California*, 422 US 806; 95 S Ct 2525; 45 L Ed 2d 562 (1975). Further, the right to proceed in propria persona is explicitly secured under Michigan law by both the Michigan Constitution and statute. Const 1963, art 1, § 13; MCL 763.1; MSA 28.854.[2] However, this right is not absolute. *People v Dennany*, 445 Mich 412, 427; 519 NW2d 128 (1994) (opinion by GRIFFIN, J.); *Anderson, supra* at 366. Because self-representation necessarily entails waiver of the correlative Sixth Amendment right to counsel, a knowing and intelligent waiver of the right to counsel is an "essential prerequisite" to the right to proceed in propria persona. *Dennany, supra* at 427-428. The courts must indulge every reasonable presumption against waiver of the fundamental right to counsel. *Johnson v Zerbst*, 304 US 458, 464; 58 S Ct 1019; 82 L Ed 1461 (1938); *People v Adkins (After Remand)*, 452 Mich 702, 721; 551 NW2d 108 (1996).

The Michigan Supreme Court has established "stringent requirements" regarding the judicial inquiry necessary to confirm a valid waiver. *Dennany, supra* at 431. Pursuant to *Anderson, supra* at 367-368, the court must, upon a defendant's initial request to proceed pro se, determine that (1) the defendant's request is unequivocal, (2) the right has been asserted

---

[2] Const 1963, art 1, § 13 provides: "A suitor in any court of this state has the right to prosecute or defend his suit, either in his own proper person or by an attorney." MCL 763.1; MSA 28.854 reinforces that right:

> On the trial of every indictment or other criminal accusation, the party accused shall be allowed to be heard by counsel and may defend himself, and he shall have a right to produce witnesses and proofs in his favor, and meet the witnesses who are produced against him face to face.

knowingly, intelligently, and voluntarily through a colloquy advising the defendant of the dangers and disadvantages of self-representation, and (3) the defendant's self-representation will not disrupt, unduly inconvenience, and burden the court and the administration of the court's business. See also, *Dennany, supra* at 439.

In addition, a trial court must satisfy the requirements of MCR 6.005(D), which provides in pertinent part as follows:

> The court may not permit the defendant to make an initial waiver of the right to be represented by a lawyer without first
>
> (1) advising the defendant of the charge, the maximum possible prison sentence for the offense, any mandatory minimum sentence required by law, and the risk involved in self-representation, and
>
> (2) offering the defendant the opportunity to consult with a retained lawyer or, if the defendant is indigent, the opportunity to consult with an appointed lawyer.

In *Adkins, supra* at 723, 725-727, the Court clarified the scope of the judicial inquiry required by *Anderson* and MCR 6.005(D) when confronted with an initial request for self-representation:

> This Court expects that judges will create a record that establishes the trial court's compliance with the court rules and *Anderson* during the initial waiver process.
>
> \*   \*   \*
>
> . . . *Anderson* does not favor a litany approach. . . . We also believe, however, that the substantive requirements in *Anderson* and the court rule are worthy of attention in every initial waiver of counsel by a criminal defendant. See *Dennany*. The *Anderson* and court rule requirements are merely vehicles to ensure that the defendant knowingly and

intelligently waived counsel with eyes open. See *Anderson* and *Dennany*. A particular court's method of inquiring into and satisfying these concepts is decidedly up to it, as long as the concepts in these requirements are covered.

\*    \*    \*

We hold, therefore, that trial courts must substantially comply with the aforementioned substantive requirements set forth in both *Anderson* and MCR 6.005(D). Substantial compliance requires that the court discuss the substance of both *Anderson* and MCR 6.005(D) in a short colloquy with the defendant, and make an express finding that the defendant fully understands, recognizes, and agrees to abide by the waiver of counsel procedures. The nonformalistic nature of a substantial compliance rule affords the protection of a strict compliance rule with far less of the problems associated with requiring courts to engage in a word-for-word litany approach. . . .

. . . If a judge is uncertain regarding whether any of the waiver procedures are met, he should deny the defendant's request to proceed in propria persona, noting the reasons for the denial on the record. . . . The defendant should then continue to be represented by retained or appointed counsel, unless the judge determines substitute counsel is appropriate.

In the present case, the trial court did not discuss the substantive requirements of *Anderson* or the court rule with defendant. Although the trial court emphasized to defendant the seriousness of the case and the fact that it involved a felony offense with a possible life sentence without parole, the trial court failed to make any inquiry from which it could determine whether defendant was asserting his right to self-representation knowingly, intelligently, and voluntarily—" 'with eyes open.' " *Faretta, supra* at 835 (citation omitted). In fact, the trial court asked no questions at all of defendant regarding his request for

self-representation. No discussion transpired between the court and defendant, except when defendant expressed concern about his attorney's competence and the trial court assured him that counsel was doing a fine job. Indeed, the prosecution does not dispute, and in fact concedes, that "[a]s defendant observes, the trial court did not comply with these [*Anderson*] provisions."

The record clearly indicates that the trial court failed to follow the mandate of *Adkins, supra,* and substantially comply with *Anderson, supra,* and MCR 6.005(D). Therefore, we are required to reverse defendant's convictions and remand this case for a new trial. *Dennany, supra* at 439.[3]

### III

However, we agree with the concerns regarding the "Catch 22 judges face in the waiver of counsel setting." *Adkins, supra* at 724. As noted by Justice RYAN in his concurring opinion in *Anderson, supra* at 375:

> Reluctance on the part of many defendants to face the reality on trial day morning that the moment of truth is at hand is a familiar fact of life in the criminal justice system. Experienced trial judges, such as the able judge in this case, are thoroughly familiar and regularly confronted with trial day adjournment requests, advanced for countless reasons and frequently coupled with parallel and conditional requests to discharge counsel and proceed *pro se*.

---

[3] "Since the right of self-representation is a right that when exercised usually increases the likelihood of a trial outcome unfavorable to the defendant, its denial is not amenable to 'harmless error' analysis. The right is either respected or denied; its deprivation cannot be harmless." *McKaskle v Wiggins,* 465 US 168, 177, n 8; 104 S Ct 944; 79 L Ed 2d 122 (1984). See, also, *People v Anderson (After Remand),* 446 Mich 392, 404-405; 521 NW2d 538 (1994).

See, also, *Adkins, supra* at 724.

Further, we note that improper motives and simple bad judgment often accompany requests for self-representation. As Professor John F. Decker states in Decker, *The Sixth Amendment right to shoot oneself in the foot: An assessment of the guarantee of self-representation twenty years after* Faretta, 6 Seton Hall Const L J 483, 485-487 (1996):

> While it is difficult to pinpoint the exact motivation behind a criminal defendant's request to proceed pro se at trial, a number of themes emerge. Some defendants may proceed pro se to symbolize their lack of respect for any kind of authority, such as that of the courts, or because they are unable to get their way and so represent themselves as an act of defiance. Some pro se defendants have committed such heinous atrocities that life imprisonment or the death penalty is the most likely result. Other criminal defendants may be cleverly manipulating the criminal justice system for their own secret agenda when they ask to proceed pro se. Trying to proceed pro se may be the means to a radical political scheme that the defendant wants to advance. On the other hand, while some pro se defendants may not harbor a hidden motive behind the request, they are so totally out of touch with reality that they believe they can do it all themselves.

Although the practical concerns caused by the invocation of the right of self-representation are numerous,[4] the present case exemplifies the problems for our justice system that are raised with last-minute requests for self-representation. The trial court was confronted with defendant's spontaneous request for self-representation on the day before trial. This request was brought in the context of defendant's

---

[4] Decker, *supra* at 597-598.

motion for adjournment and his expressed displeasure with appointed counsel over discovery matters. The trial at issue involved a charge of open murder, complex legal and factual matters, and serious ramifications for defendant. The numerous witnesses and the jury were prepared to proceed. The trial court denied defendant's request, noting the gravity of the offense and the fact that it was "the eve of trial."

Although the trial court failed to substantially comply with the *Anderson* requirements, we concur with the trial court's legitimate concern regarding the lateness of defendant's request. The issue of timeliness is inferentially incorporated in the third *Anderson* requirement and must be weighed in conjunction with the other two elements of the *Anderson* equation. However, thus far, the Michigan Supreme Court has not adopted a rule of criminal procedure or judicial guidelines that would cause the relinquishment of the right of self-representation if not timely asserted. See *Anderson, supra* at 368, and *Dennany, supra* at 432, n 12. Indeed, at this point our Supreme Court has upheld the appropriateness of requests for self-representation made on the day of trial. See *Anderson, supra*, and *Adkins, supra*.

On this issue, we note that a litany of other fundamental constitutional rights are "waived" or relinquished by an untimely assertion of the right. See, generally, *People v Eaton*, 184 Mich App 649; 459 NW2d 86 (1990), aff'd 439 Mich 919 (1992), and Westen, *Away from waiver: A rationale for the forfeiture of constitutional rights in criminal procedure*, 75 Mich L R 1214 (1977). Specifically, the right to a trial by jury, the right to a speedy trial, and numerous constitutional defenses, see *id.* at 1239-1249, must be

raised in a timely manner before trial. In *Faretta*, the case that is the cornerstone of the federal constitutional right of self-representation, the United States Supreme Court specifically noted that the defendant's request to represent himself was made "weeks before trial," *Faretta, supra* at 835, and "[w]ell before the date of trial," *id.* at 807.

Cued by this language, courts in other jurisdictions have held that the right to self-representation is qualified by a timeliness requirement that vests a trial court with discretion to deny an untimely request to proceed pro se. As noted by Decker, *supra* at 544, and the cases cited therein:

> Another restriction on the right to self-representation is that a defendant must assert his *Faretta* right in a timely manner. Most courts hold that if a defendant does not make a timely request to proceed pro se, he waives the *Faretta* right. The United States Court of Appeals for the Fourth Circuit, in *United States v Dunlap* [577 F2d 867 (CA 4, 1978)], stated that "the need to minimize disruptions, to avoid inconvenience and delay, to maintain continuity, and to avoid confusing the jury" justified this timeliness requirement.

Were we permitted, we would affirm defendant's convictions and follow *Russell v State*, 270 Ind 55, 62; 383 NE2d 309 (1978), and most other jurisdictions, by holding that "the right of self-representation must be asserted within a reasonable time prior to the day on which the trial begins" or else the defendant relinquishes the unconditional right to represent himself and the matter then rests in the discretion of the trial court. *Id.*, and anno: *Accused's right to represent himself, supra.* In the present case, defendant did not timely assert his right to self-representation, and the

trial court properly exercised its discretion in denying defendant's belated request.

Although we are compelled to reverse, we disagree with the outcome mandated by *Anderson, supra.* We urge our Supreme Court to revisit the timeliness issue and establish specific timelines for the assertion of the right to proceed in propria persona. The interests of justice are not served by the stringent rule of *Anderson* that requires us to reverse defendant's convictions.

In view of our disposition, it is unnecessary for us to address the additional issues raised by defendant.

Reversed and remanded for a new trial. We do not retain jurisdiction.