## PEOPLE v HILL

Docket No. 281375. Submitted February 10, 2009, at Detroit. Decided March 3, 2009, at 9:00 a.m. Leave to appeal sought.

A jury in the Wayne Circuit Court, Patricia Fresard, J., convicted Thomas Hill of armed robbery and carjacking and acquitted him on charges of possession of a firearm by a felon and possession of a firearm during the commission of a felony. The defendant was sentenced as a third-offense habitual offender. The defendant appealed.

The Court of Appeals *held*:

1. The trial court properly allowed the defendant to question the complainant regarding her use of drugs on the day of the crimes. Inquiry into the complainant's drugs of choice was properly precluded after she denied using drugs on the day of the crimes and the defendant did not proffer any evidence showing otherwise or attempt to show that she was using a drug that had some lingering effects on her perception or memory.

2. The trial court did not err in preventing the defendant from cross-examining a police detective regarding whether there are people who trade cars for drugs after the defendant failed to present any evidence to support his theory that the complainant gave the car to someone in exchange for drugs and was lying about the robbery and the carjacking.

3. There was probable cause supporting the issuance of the warrant for the defendant's arrest.

4. There is no validity to the defendant's assertions that there was misconduct by the police and the prosecutor that affected the validity of his arrest.

5. The district court properly found probable cause to bind the defendant over on the charges. Defense counsel was not ineffective in failing to bring futile motions and in consenting to the amendment of the complaint during the preliminary examination.

6. There was no violation of the defendant's right to confront the witnesses against him when the victim was permitted to view a medical report to refresh her recollection. Nothing in MRE 612,

which permits use of such evidence to refresh the memory of a witness, limits its application to documents authored by the witness.

7. It was not plain error to allow the prosecution to introduce into evidence a recording of 911 calls made on the night of the offenses.

8. Sufficient evidence established the elements of the offenses. The jury's verdict was not internally inconsistent because the defendant could be convicted of armed robbery if he only feigned the use of a weapon.

9. The trial court failed to comply with the requirements of *People v Anderson*, 398 Mich 361 (1976), and MCR 6.005(D) in denying the defendant's request to represent himself at trial. The request was made solely through defense counsel, and the record does not provide a basis for concluding that the request for self-representation was knowingly and intelligently made. The defendant did not effectively waive his right to the assistance of counsel.

Affirmed.

JANSEN, P.J., dissenting, stated that the trial court's failure to make any inquiry into the defendant's assertion of the right to self-representation was tantamount to a wrongful denial of the request. This structural error requires automatic reversal. The judgment of the trial court should be reversed.

WITNESSES — EVIDENCE — WRITING USED TO REFRESH MEMORY.

The rule of evidence that permits a witness to use a writing to refresh the memory of the witness does not limit its application to documents authored by the witness (MRE 612).

*Michael A. Cox*, Attorney General, *B. Eric Restuccia*, Solicitor General, *Kym L. Worthy*, Prosecuting Attorney, *Timothy A. Baughman*, Chief of Research, Training, and Appeals, and *Jason W. Williams*, Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Christine A. Pagac*) and Thomas Hill, *in propria persona*.

Before: JANSEN, P.J., and METER and FORT HOOD, JJ.

FORT HOOD, J. Defendant was convicted by a jury of armed robbery, MCL 750.529, and carjacking, MCL 750.529a(1), but acquitted of additional charges of possession of a firearm by a felon, MCL 750.224f, and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. He was sentenced as a third-felony habitual offender, MCL 769.11, to concurrent prison terms of 20 to 40 years for each conviction. He appeals as of right. We affirm.

Defendant was convicted of stealing the victim's car and money while threatening her with a gun. The victim identified defendant, whom she had known for several months, as the perpetrator.

## I. LIMITATIONS ON CROSS-EXAMINATION

Defendant argues that the trial court erroneously prevented him from thoroughly cross-examining the victim and police detective Edwardo Torres, and that these limitations on cross-examination violated his right of confrontation and his right to present a complete defense. Constitutional claims of due process violations are reviewed de novo. *People v Pitts*, 222 Mich App 260, 263; 564 NW2d 93 (1997).

### A. RIGHT OF CONFRONTATION

Defendant argues that the trial court violated his right of confrontation by precluding him from questioning the victim concerning her drug use. We disagree.

The Confrontation Clause, US Const, Am VI, states: "In all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him . . . ." " 'The main and essential purpose of confrontation is to secure for the opponent the opportunity of cross-examination.' " *Davis v Alaska*, 415 US

308, 315-316; 94 S Ct 1105; 39 L Ed 2d 347 (1974) (citation and emphasis omitted). "[T]he cross-examiner is not only permitted to delve into the witness' story to test the witness' perceptions and memory, but the cross-examiner has traditionally been allowed to impeach, *i.e.*, discredit, the witness." *Id.* at 316. Exposing a witness's motivation, bias, and prejudices is a crucial part of the constitutionally protected right of cross-examination. *Id.* at 316-317. However, the Confrontation Clause does not confer a right to impeach the general credibility of a witness. *Boggs v Collins*, 226 F3d 728, 737-738 (CA 6, 2000).

In the present case, the victim's drug use was relevant to her ability to perceive and recall the events that transpired and, therefore, was relevant to her credibility. However, the victim admitted having a drug habit. She denied using drugs on the day of the crimes, and defendant did not proffer any evidence showing otherwise. Defendant has failed to explain how the victim's drug of choice, which he does not identify, has any further bearing on her credibility. In other words, defendant made no attempt to show that the victim was using a drug that had some lingering effects on the victim's perception and memory.

By allowing inquiry into the victim's drug use on the day of the crimes, the trial court sufficiently permitted defendant to cross-examine the victim concerning her perception and memory. *Davis*, *supra* at 316. While defendant was entitled to attempt to discredit the victim, he was not entitled to do so by way of a general attack on her character. *Boggs*, *supra* at 737-738. Inquiry into her drugs of choice was such a general character attack. Therefore, the trial court correctly refused to allow it, absent a particular showing of relevance.

### B. RIGHT TO PRESENT A DEFENSE

Defendant also argues that the trial court violated his right to present a complete defense by preventing him from eliciting testimony that the victim may have traded the car for drugs.

Along with the right of confrontation, the United States Constitution guarantees a defendant " ' "a meaningful opportunity to present a complete defense." ' " *Holmes v South Carolina*, 547 US 319, 324; 126 S Ct 1727; 164 L Ed 2d 503 (2006) (citations omitted). "This right is abridged by evidence rules that 'infring[e] upon a weighty interest of the accused' and are ' "arbitrary" or "disproportionate to the purposes they are designed to serve." ' " *Id.* (citations omitted). However, a trial court may exclude evidence where the probative value is outweighed by certain other factors, such as unfair prejudice, confusion of the issues, or potential to mislead the jury. *Id.* at 326. This includes evidence that is repetitive, only marginally relevant, or that poses an undue risk of harassment, prejudice, or confusion of the issues. *Id.*

Applying this balancing test in the context of evidence proffered to show that someone else may have committed the crime charged, evidence may be introduced " 'when it is inconsistent with, and raises a reasonable doubt of, [the defendant's] own guilt,' " but not when the evidence is " 'remote' " and lacks a sufficient " 'connection with the crime.' " *Id.* at 327 (citations omitted). Accordingly, evidence tending to inculpate another may be introduced when it tends to prove that another person may have committed the crime, but it may be excluded " 'where it does not sufficiently connect the other person to the crime, as, for example, where the evidence is speculative or remote, or does not tend to prove or disprove a material fact in issue at the defendant's trial.' " *Id.* (citation omitted); see also *People v Kent*, 157 Mich App 780, 793; 404 NW2d 668 (1987).

In questioning Detective Torres, defendant's goal was to raise the possibility that the victim gave the car to someone in exchange for drugs, and that she was lying about the robbery and carjacking. However, defendant did not proffer any evidence tending to support that theory. Defendant's general inquiry into whether there are people who trade cars for drugs was speculative and remote, and lacked sufficient connection with the crime. *Holmes, supra* at 327. At best, defendant sought to create only a mere suspicion that the victim fabricated the entire story. *Kent, supra* at 793. The trial court did not err in preventing defendant from cross-examining Detective Torres on this issue.

### II. DEFENDANT'S PRO SE BRIEF

Defendant raises several issues in a pro se supplemental brief, none of which has merit.

#### A. THE ARREST WARRANT AND CONDUCT OF THE POLICE AND THE PROSECUTOR

Defendant argues that there was no probable cause to support issuing a warrant for his arrest and that misconduct by the police and the prosecutor affected the validity of his arrest. We disagree.

Chapter IV of the Code of Criminal Procedure, MCL 764.1 *et seq.*, governs the issuance of arrest warrants. In particular, MCL 764.1a states, in relevant part:

(1) A magistrate *shall issue a warrant upon presentation of a proper complaint alleging the commission of an offense and a finding of reasonable cause to believe that the individual accused in the complaint committed that offense.* The complaint shall be sworn to before a magistrate or clerk.

(2) The finding of reasonable cause by the magistrate may be based upon 1 or more of the following:

(a) *Factual allegations of the complainant contained in the complaint.*

(b) The complainant's sworn testimony.

(c) The complainant's affidavit.

(d) Any supplemental sworn testimony or affidavits of other individuals presented by the complainant or required by the magistrate.

(3) The magistrate may require sworn testimony of the complainant or other individuals. Supplemental affidavits may be sworn to before an individual authorized by law to administer oaths. *The factual allegations contained in the complaint,* testimony, or affidavits *may be based upon personal knowledge, information and belief, or both.* [Emphasis added.]

The prosecutor must authorize a felony complaint. MCL 764.1(1). "A complaint shall recite the substance of the accusation against the accused" and "may contain factual allegations establishing reasonable cause." MCL 764.1d.

In this case, defendant was charged with armed robbery, carjacking, possession of a firearm by a felon, and felony-firearm. The complaint contains factual allegations made by the victim to Detective Torres, on the officer's information and belief, supporting the elements of each of the offenses charged. Contrary to what defendant argues, the sworn complaint satisfied the requirements of MCL 764.1a and was sufficient to enable a magistrate to find that there was reasonable cause to believe that defendant committed the four offenses charged.

Defendant argues that there was no evidence to support Detective Torres's trial testimony that he knew defendant by the name "June." The propriety of this trial testimony has no bearing on whether an arrest warrant was properly issued. Regardless of whether Detective

Torres personally knew defendant as June, the victim identified defendant as her assailant from a photographic array.

Defendant argues that Detective Torres committed misconduct because he did not thoroughly investigate this case and, therefore, the arrest warrant was invalid. We again disagree. Defendant cites no authority for his argument that a reviewing court may second-guess the police investigation of a case in the context of determining whether a warrant was properly issued. The statutory warrant requirements address only whether there is probable cause to believe that the defendant committed the crimes charged. Other matters—including the weight and the credibility of the evidence, and the thoroughness of any police investigation—are for trial.

Defendant argues that the Detective Torres made a false arrest and that the prosecutor was guilty of malicious prosecution. Again, we disagree. False arrest and malicious prosecution are both civil claims, and are not at issue in this case. See *Peterson Novelties, Inc v City of Berkley*, 259 Mich App 1, 9; 672 NW2d 351 (2003).[1]

B. THE BINDOVER AND THE AMENDMENT OF THE INFORMATION

Defendant argues that the district court erred in binding him over for trial and that defense counsel was ineffective for failing to present a defense at the preliminary examination. Defendant also argues that the circuit court erred in allowing the prosecutor to amend the information to add the felon-in-possession charge and

---

[1] Furthermore, a police officer is not liable for false arrest if the arrest was based on probable cause, which existed here. *Id.* at 17-21. Similarly, a malicious prosecution claim depends on a showing that, unlike here, a criminal proceeding was terminated in the defendant's favor. See *id.* at 21-24.

that defense counsel was ineffective for consenting to the amendment and for waiving a formal reading of the charges.

A district court's decision to bind a defendant over for trial is reviewed for an abuse of discretion. *People v Yamat*, 475 Mich 49, 52; 714 NW2d 335 (2006). At defendant's preliminary examination, the victim testified, as she did at trial, that defendant took the keys out of the ignition of the car, pointed a gun at her head, threatened to shoot her, and choked her while his companion hit her. The victim fainted and, when she regained consciousness, defendant (still holding the gun) told her to get out of the car, and then took her money and the car. In light of this testimony, the district court properly found that there was probable cause to believe that defendant committed armed robbery, carjacking, and felony-firearm. Further, defense counsel consented to the bindover, with no objection from defendant. Therefore, the circuit court properly acquired jurisdiction over this case.

Contrary to what defendant argues, the preliminary examination is not the time to create questions of fact or present a defense to the charges. *People v Goecke*, 457 Mich 442, 469-470; 579 NW2d 868 (1998). Doing so would have been futile because the district court is not permitted to discharge a defendant on the basis of factual or credibility disputes. *Id*. Thus, defense counsel was not ineffective for failing to do so. See *People v Ish*, 252 Mich App 115, 118-119; 652 NW2d 257 (2002). In light of the evidence presented, defense counsel was not ineffective for consenting to the bindover on three of the four charges. See *People v Kulpinski*, 243 Mich App 8, 27; 620 NW2d 537 (2000).

We also reject defendant's arguments that the circuit court erred by allowing the prosecutor to amend the information to add the charge of possession of a firearm by

a felon, and that defense counsel was ineffective for consenting to the amendment and for waiving a formal reading of the charges. Defendant specifically consented to waiving a formal reading of the charges. Further, because defendant was acquitted of the charge of possession of a firearm by a felon, he was not prejudiced by the allegedly improper amendment.

### C. EVIDENTIARY MATTERS AND THE JURY'S VERDICT

Defendant argues that the trial court erroneously allowed the prosecutor to introduce inadmissible hearsay, in violation of his right of confrontation. Defendant further complains that the responding police officers were not called to testify, that there was insufficient evidence to support the jury's verdict, and that the verdict was internally inconsistent. We disagree.

Contrary to what defendant argues, the prosecutor was not permitted to introduce a hearsay medical report of the victim's injuries in violation of defendant's right of confrontation. The medical report was only used to refresh the victim's recollection, as permitted by MRE 612; it was not admitted into evidence. Nothing in the language of MRE 612 limits its application exclusively to documents authored by the witness.

Under the Confrontation Clause, a testimonial statement of a witness absent from trial is not admissible for its truth unless the declarant is unavailable and there has been a prior opportunity for adequate cross-examination. *Crawford v Washington*, 541 US 36, 53-56, 59; 124 S Ct 1354; 158 L Ed 2d 177 (2004). In this case, however, the report was not admitted into evidence and was not used for its truth. Therefore, there was no violation of defendant's right of confrontation. Further, because any objection by defense counsel

would have been futile, defense counsel was not ineffective for failing to object. See *Kulpinski, supra* at 27.

Defendant also argues that the trial court erred in allowing the prosecutor to introduce into evidence a compact disk recording of 911 calls made on the night of the offenses. Because there was no objection to this evidence, our review is limited to plain error affecting defendant's substantial rights. *People v Carines*, 460 Mich 750, 763-764; 597 NW2d 130 (1999).

From the available record, the 911 calls could qualify for admission under various theories, including as a present sense impression, an excited utterance, or a public record. See MRE 803(1), (2), and (8). Thus, the receipt of this evidence did not constitute plain error, and defense counsel was not ineffective for failing to object. See *Kulpinski, supra* at 27.

To the extent that the Confrontation Clause entitled defendant to cross-examine the callers, see *Crawford, supra* at 53-56, 59, defendant has failed to overcome the presumption that defense counsel reasonably decided not to object as a matter of trial strategy, to preclude potentially prejudicial testimony from these witnesses. *People v Matuszak*, 263 Mich App 42, 58; 687 NW2d 342 (2004).

The prosecutor did not have a duty to call the responding police officers to testify. *People v Burwick*, 450 Mich 281, 288-289, 297; 537 NW2d 813 (1995); see also MCL 767.40a(1) to (5).[2] Because defendant has advanced no theory showing that failure to call the officers deprived him of a substantial defense, defendant has failed to show that defense counsel was ineffective for not calling the officers. *People v Davis*,

---

[2] Defendant does not claim that the prosecutor failed to identify the officers during discovery.

250 Mich App 357, 368; 649 NW2d 94 (2002); *People v Flowers*, 222 Mich App 732, 737; 565 NW2d 12 (1997).

Finally, the victim's testimony that defendant physically assaulted her, threatened her with a gun, and then stole her car and money, viewed in a light most favorable to the prosecution, was sufficient to establish the elements of armed robbery and carjacking beyond a reasonable doubt. *People v Petrella*, 424 Mich 221, 268-270; 380 NW2d 11 (1985). Further, the jury's verdict was not internally inconsistent. Whereas the weapons offenses required proof of an actual firearm, defendant properly could be convicted of armed robbery even if he only feigned the use of a weapon. See *People v Taylor*, 245 Mich App 293, 297-303; 628 NW2d 55 (2001); compare *People v Peals*, 476 Mich 636, 640-656; 720 NW2d 196 (2006).

### III. DEFENDANT'S SUPPLEMENTAL BRIEF

In a supplemental brief, defendant argues that a new trial is required because his constitutional right to self-representation was violated. We disagree.

A trial court's findings concerning whether a defendant's waiver of the right to counsel was knowing and intelligent is reviewed for clear error. *People v Williams*, 470 Mich 634, 640; 683 NW2d 597 (2004).

A defendant has a constitutional right to self-representation under state and federal law. *Id.* at 641-642. Nonetheless, a waiver of the right to counsel must be knowing, intelligent, voluntary, and made with sufficient awareness of the relevant circumstances. *Id.* Courts should indulge in every presumption *against* finding a waiver of a fundamental constitutional right such as the right to counsel. *Id.* at 641; see also *People v Russell*, 471 Mich 182, 188; 684 NW2d 745 (2004).

In *Williams, supra* at 642, the Supreme Court, relying on *People v Anderson*, 398 Mich 361, 367-368; 247 NW2d 857 (1976), stated:

> [A] trial court must make three findings before granting a defendant's waiver request. First, the waiver request must be unequivocal. Second, the trial court must be satisfied that the waiver is knowingly, intelligently, and voluntarily made. To this end, the trial court should inform the defendant of potential risks. Third, the trial court must be satisfied that the defendant will not disrupt, unduly inconvenience, and burden the court or the administration of court business.

See also *Russell, supra* at 189-190. The trial court must also comply with pertinent portions of MCR 6.005(D), which provides, in relevant part:

> The court may not permit the defendant to make an initial waiver of the right to be represented by a lawyer without first

> (1) advising the defendant of the charge, the maximum possible prison sentence for the offense, any mandatory minimum sentence required by law, and the risk involved in self-representation, and

> (2) offering the defendant the opportunity to consult with a retained lawyer or, if the defendant is indigent, the opportunity to consult with an appointed lawyer.

See *Williams, supra* at 642-643, and *Russell, supra* at 190-191. Substantial compliance with the requirements of *Anderson* and the court rule is sufficient. *Id.* at 191; see also *People v Adkins (After Remand)*, 452 Mich 702, 726-727; 551 NW2d 108 (1996), overruled in part on other grounds in *Williams, supra* at 641 n 7. Thus, the trial court must discuss the substance of the foregoing requirements with the defendant and make sure that the defendant fully understands, recognizes, and agrees to all the various procedures entailed in waiving the right to counsel. *Id.*

"If a judge is uncertain regarding whether any of the waiver procedures are met, he should deny the defendant's request to proceed in propia persona, noting the reasons for the denial on the record." *Adkins, supra* at 727. "[I]f the trial court fails to substantially comply with the requirements in *Anderson* and the court rule, then the defendant has not effectively waived his Sixth Amendment right to the assistance of counsel." *Russell, supra* at 191-192. "[T]he rule articulated in *Adkins* provides a practical, salutary tool to be used to avoid rewarding gamesmanship as well as to avoid the creation of appellate parachutes: if any irregularities exist in the waiver proceeding, the defendant should continue to be represented by counsel." *Id.* at 192. On the other hand, when it appears that all the pertinent requirements have been met, yet the trial court denies the request for self-representation, the defendant is entitled to a new trial. See *Anderson, supra* at 369-371.

In the present case, the trial court denied defendant's request to represent himself without any pertinent inquiry. We agree that the trial court failed to comply with the requirements of *Anderson* and the court rule. But the request was made solely through counsel and the record does not provide a basis for concluding that defendant's request for self-representation was knowingly and intelligently made. Accordingly, defendant did not effectively waive his Sixth Amendment right to the assistance of counsel,[3] *Russell, supra* at 191-192, and reversal on this basis is not warranted.

---

[3] This case is similar to *People v Rice*, 231 Mich App 126, 133-134; 585 NW2d 331 (1998), rev'd 459 Mich 899 (1998), mod 459 Mich 929 (1998), in which this Court found a violation of the defendant's right to self-representation where the trial court had not complied with the requirements of *Anderson* and MCR 6.005(D). The Supreme Court reversed, finding that there had been no effective waiver of the defendant's right to counsel because "[t]he record does not establish that

Affirmed.

METER, J., concurred.

JANSEN, P.J. (*dissenting*). When defendant asked to represent himself in this case, the trial court summarily denied his request without ever inquiring into his reasons or attempting to establish whether his expressed desire for self-representation was unequivocal, knowing, intelligent, and voluntary. Therefore, I must respectfully dissent.

A criminal defendant's right to represent himself is implicitly guaranteed by the Sixth Amendment of the United States Constitution, US Const, Am VI;[1] *Faretta v California*, 422 US 806, 819-820; 95 S Ct 2525; 45 L Ed 2d 562 (1975), and explicitly guaranteed by the Michigan Constitution and Michigan statutory law, Const 1963, art 1, § 13; MCL 763.1. "The right to defend is personal," and it is therefore "the defendant-... who must be free personally to decide whether in his particular case counsel is to his advantage.... [A]lthough he may conduct his own defense ultimately to his own detriment, his choice must be honored out of 'that respect for the individual which is the lifeblood of the law.' " *Faretta*, 422 US at 834 (citation omitted). The right to self-representation is "fundamental" in nature,[2] and the erroneous denial of the right is a structural error requiring automatic reversal. *United States v Gonzalez-Lopez*, 548 US 140, 150; 126 S Ct

---

defendant made an unequivocal request to represent himself that was knowing, intelligent, and voluntary . . . ." *Rice, supra*, 459 Mich at 899.

[1] The Sixth Amendment is applicable to the states through the Due Process Clause of the Fourteenth Amendment. *People v Willing*, 267 Mich App 208, 219; 704 NW2d 472 (2005); see also *Gideon v Wainwright*, 372 US 335, 341-342; 83 S Ct 792; 9 L Ed 2d 799 (1963).

[2] *Id.* at 817.

2557; 165 L Ed 2d 409 (2006); see also *People v Duncan*, 462 Mich 47, 52; 610 NW2d 551 (2000).

Before granting a criminal defendant's request to proceed pro se, the trial court must determine that the request is unequivocal and that the defendant's assertion of the right to self-representation is knowing, intelligent, and voluntary. *People v Russell*, 471 Mich 182, 190; 684 NW2d 745 (2004); *People v Williams*, 470 Mich 634, 642; 683 NW2d 597 (2004). The trial court must also substantially comply with MCR 6.005 by advising the defendant of the charge against him, the maximum possible prison sentence, any mandatory minimum sentence, and the risks of self-representation, and by offering the defendant the opportunity to consult with an attorney. *Russell*, 471 Mich at 190-191.

I fully acknowledge that the right to self-representation is not absolute and that the state may place reasonable conditions on a criminal defendant's right to represent himself. *Indiana v Edwards*, 554 US ___; 128 S Ct 2379, 2384; 171 L Ed 2d 345, 353 (2008). For instance, the state may appoint "standby counsel over [a] self-represented defendant's objection," may require a pro se defendant to "compl[y] with 'relevant rules of procedural and substantive law,' " and may insist, without violating the constitutional guarantee, that a pro se defendant refrain from " 'abus[ing] the dignity of the courtroom' " and " 'engag[ing] in serious and obstructionist misconduct.' " *Id.*, 554 US at ___; 128 S Ct at 2384; 171 L Ed 2d at 353 (citations omitted). Indeed, the Michigan Supreme Court has specifically observed that before allowing a criminal defendant to continue without an attorney, the trial court must ensure that "the defendant's self-representation will not disrupt, unduly inconvenience, and burden the court and the administration of the court's business." *Russell*, 471 Mich at 190.

Moreover, I acknowledge that pro se representation is generally not "wise, desirable or efficient," *Martinez v Court of Appeal of California*, 528 US 152, 161; 120 S Ct 684; 145 L Ed 2d 597 (2000), and that there is a strong presumption against waiver of the right to counsel, *Michigan v Jackson*, 475 US 625, 633; 106 S Ct 1404; 89 L Ed 2d 631 (1986); see also *Johnson v Zerbst*, 304 US 458, 464; 58 S Ct 1019; 82 L Ed 1461 (1938).

Nonetheless, as noted previously, the trial court in this case made *no inquiry* into defendant's assertion of the right to self-representation. Without making any inquiry, it was *impossible* for the trial court to ascertain whether defendant was seeking to unequivocally, knowingly, intelligently, and voluntarily waive his right to an attorney. By summarily substituting its own decision for that of defendant—whether for the sake of expediency or for some other reason—the trial court effectively foreclosed any consideration of defendant's assertion of the right to proceed pro se, never reaching the merits of his request. If our trial courts are to be allowed to simply deny criminal defendants' requests to proceed pro se, without ever reaching the substance and merits of those requests, there will be little meaning left in the Sixth Amendment right to self-representation under *Faretta*, or in Michigan's constitutional guarantee that a litigant in the courts of this state may "defend his suit . . . in his own proper person . . . ." Const 1963, art 1, § 13.

I find persuasive the decision of the United States Court of Appeals for the Eleventh Circuit in *Dorman v Wainwright*, 798 F2d 1358, 1366 (CA 11, 1986). There, as in the case at bar, "the trial court never bothered to inquire whether [the defendant] was making a knowing and intelligent waiver of his right to counsel or was aware of the dangers and disadvantages of self-

representation." *Id.* The *Dorman* Court explained that "[t]o invoke his Sixth Amendment right under *Faretta* a defendant does not need to recite some talismanic formula hoping to open the eyes and ears of the court to his request." *Id.* Instead, the *Dorman* Court concluded that a defendant must simply state his request to the trial court and that the court "must then conduct a hearing on the waiver of the right to counsel to determine whether the accused understands the risks of proceeding pro se." *Id.*; see also *United States v McDowell*, 814 F2d 245, 250 (CA 6, 1987) (identifying a "model inquiry" to be made on the record "[i]n the future, whenever a federal district judge in this circuit is faced with an accused who wishes to represent himself in criminal proceedings"). Similarly, I conclude that the trial court was required to conduct a hearing on defendant's requested waiver of the right to counsel in the present case.

I recognize that the trial court in this case may have believed that defendant was merely seeking to delay trial or to obstruct the judicial process by requesting to represent himself. However, I conclude that the trial court was still under an obligation to honestly and reasonably entertain defendant's request and inquire into his reasons. Although the trial court's concerns in this regard may not have been without foundation, as the Iowa Supreme Court has observed, " ' "even well-founded suspicions of intentional delay and manipulative tactics can provide no substitute for the inquiries necessary to protect a defendant's constitutional rights." ' " *State v Martin*, 608 NW2d 445, 450 (Iowa, 2000), quoting *McMahon v Fulcomer*, 821 F2d 934, 943 (CA 3, 1987) (additional citation omitted).

Courts in several other jurisdictions have reached similar conclusions, holding that trial courts must at

least minimally consider a criminal defendant's request to proceed pro se, even if the request is untimely or appears to be made for the purposes of delay. See *Tennis v State*, 997 So 2d 375, 379 (Fla, 2008) (holding that when a criminal defendant asserts the right to self-representation, "the trial court's failure to hold a *Faretta* hearing . . . to determine whether [the defendant can] represent himself is per se reversible error"); *Gladden v State*, 110 P3d 1006, 1010 (Alas App, 2005) (holding that even when the defendant merely "impliedly elected to proceed *pro se* by refusing to . . . hire an attorney," "that circumstance did not relieve the trial court of its obligation to ensure that [the defendant's] decision to forego the assistance of counsel was knowing and intelligent"); *State v Brown*, 342 Md 404, 414; 676 A2d 513 (1996) (stating that when a request for self-representation is made, "the court must conduct a waiver inquiry to ensure that any decision to waive the right to counsel is 'made with eyes open' ") (citation omitted); *People v Windham*, 19 Cal 3d 121, 128; 560 P2d 1187; 137 Cal Rptr 8 (1977) (observing that even when a criminal defendant makes an untimely request for self-representation, "the trial court shall inquire *sua sponte* into the specific factors underlying the request thereby ensuring a meaningful record in the event that appellate review is later required"); *Rodriguez v State*, 982 So 2d 1272, 1274 (Fla App, 2008) (holding that "[w]here a defendant makes an unequivocal request to represent himself prior to the commencement of trial, a trial court is required to conduct a *Faretta* inquiry" and that "[t]he failure of the trial court to conduct such an inquiry constitutes reversible error"); *State v Weiss*, 92 Ohio App 3d 681, 685; 637 NE2d 47 (1993) (holding that "[e]ven when the waiver of counsel is implied by the defendant's purported delaying tactics, a pretrial in-

quiry as to the defendant's knowing and intelligent waiver of the right must be made").

I am compelled to conclude that the trial court's *failure* to consider defendant's request to represent himself in this case was tantamount to a *wrongful denial* of defendant's right to represent himself. Both the failure to consider a request to proceed pro se and the wrongful denial of a request to proceed pro se achieve the same result; both actions improperly foreclose a defendant's fundamental constitutional right to self-representation. See *Faretta*, 422 US at 817, 819-820. I see no meaningful difference between the two. Because the trial court's wholesale failure to consider defendant's request to proceed without counsel in this case was tantamount to a wrongful denial of the right, I conclude that structural error occurred and automatic reversal is required. *Gonzalez-Lopez*, 548 US at 150; *McKaskle v Wiggins*, 465 US 168, 177 n 8; 104 S Ct 944; 79 L Ed 2d 122 (1984) (observing that the denial of the right to self-representation "is not amenable to 'harmless error' analysis" and that "[t]he right is either respected or denied; its deprivation cannot be harmless").

I would reverse.