# Order

Michigan Supreme Court
Lansing, Michigan

October 16, 2009

138691

PEOPLE OF THE STATE OF MICHIGAN,
      Plaintiff-Appellee,

v

THOMAS HILL,
      Defendant-Appellant.

_____/

SC: 138691
COA: 281375
Wayne CC: 07-011713-01

Marilyn Kelly,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway,
Justices

On order of the Court, the application for leave to appeal the March 3, 2009 judgment of the Court of Appeals is considered and, pursuant to MCR 7.302(H)(1), in lieu of granting leave to appeal, we AFFIRM that part of the judgment of the Court of Appeals that held that the defendant's constitutional right to self-representation was not violated, but for a reason other than that stated by the Court of Appeals. In reaching this conclusion, the Court of Appeals ruled that because the defendant's request was made solely through counsel and the record does not provide a basis for concluding that his request was knowingly and intelligently made, reversal was not warranted. The Court of Appeals erred in doing so, because our case law does not require that the defendant must personally assert his constitutional right to self-representation pursuant to Const 1963, art 1, § 13 and MCL 763.1 before the request is valid. Moreover, if the Wayne Circuit Court had complied with the requirements of *People v Anderson*, 398 Mich 361 (1976), and MCR 6.005(D), a reviewing court could evaluate whether the defendant's request was knowingly, intelligently, and voluntarily made. Accordingly, we VACATE that part of the Court of Appeals analysis. We note, however, that the ruling of the Wayne Circuit Court denying the request for self-representation "at this time" did not deny the defendant his constitutional right to self-representation where the defendant's request was not timely and granting the request at that moment would have disrupted, unduly inconvenienced, and burdened the administration of the court's business. *People v Russell*, 471 Mich 182, 190 (2004). The trial court also did not foreclose the defendant's opportunity to raise the self-representation issue again after jury selection. The record reflects, however, that the defendant never renewed his untimely request. For this reason, we agree with the Court of Appeals that the defendant's constitutional right to self-representation was not violated. In all other respects, leave to appeal is DENIED,

because we are not persuaded that the remaining questions presented should be reviewed by this Court.

KELLY, C.J. (*dissenting*).

I concur in the order to the extent that it vacates the Court of Appeals majority's erroneous analysis of the issue concerning the right to self-representation. I respectfully dissent, however, from the decision to affirm the Court of Appeals judgment. I would peremptorily reverse defendant's conviction.

I agree with dissenting Judge Jansen that reversal is required here because the trial court "made *no inquiry* into defendant's assertion of the right to self-representation."[1] The trial court's failure to do so contravenes this Court's decision in *People v Anderson*.[2]

In *Anderson*, we explicitly rejected a strict rule that would preclude assertion of a defendant's right to proceed without counsel if the request is not made before the trial begins.[3] Subsequent cases repeatedly reaffirmed *Anderson*'s rejection of a timeliness requirement on requests for self-representation.[4] Moreover, many courts have held that a self-representation request is generally timely if made before the jury is empaneled.[5] Here, defendant's request was made before the jury was empaneled. Consequently, contrary to the majority, I would conclude that defendant's request was timely.

Moreover, I would not excuse the failure to inquire into defendant's request by simply observing that the request "would disrupt, unduly inconvenience, and burden the court and the administration of the court's business."[6] I recognize that defendant's request came on the morning of trial and therefore had significant potential to unduly inconvenience the trial court. However, I agree with Judge Jansen that, even if the request were untimely, the trial court would not be excused from giving it at

---

[1] *People v Hill*, 282 Mich App 538, 554 (2009) (Jansen, P.J., dissenting) (emphasis in original).

[2] *People v Anderson*, 398 Mich 361 (1976).

[3] *Id.* at 368.

[4] *People v Dennany*, 445 Mich 412, 432 n 12 (1994); *People v Rice*, 231 Mich App 126, 136 (1998), reversed on other grounds by *People v Rice*, 459 Mich 899 (1998).

[5] E.g., *United States v Young*, 287 F3d 1352, 1353 (CA 11, 2002).

[6] *People v Russell*, 471 Mich 182, 190 (2004).

least minimal consideration.[7]  The trial court in this case summarily denied defendant's request without any such inquiry or consideration.

In *People v Russell*, we emphasized the mandatory nature of the trial court's duty to inquire into a defendant's request for self-representation.[8]  The absence of any inquiry here compels me to conclude that the trial court's failure to consider defendant's request was equivalent to a wrongful denial of defendant's right to represent himself.

Nor is affirmance warranted because of defendant's failure to raise the self-representation issue again later.  *Anderson* requires an "unequivocal" request to proceed pro se.  It does not require repeated requests.  Here, defense counsel told the trial court that "Mr. Hill has informed me that he would like to ask the court to represent himself in pro per."  This statement constituted an unequivocal request for self-representation.

Moreover, although the majority makes much of the trial court's language in denying defendant's request "at this time," that denial occurred the morning of the trial.  On what basis might the defendant conclude that a subsequent request, made *during* the trial, would be more likely to succeed?

I respectfully dissent and would reverse the judgment of the Court of Appeals.

---

[7] *Hill*, 282 Mich App at 555-556 (Jansen, P.J., dissenting), citing *Tennis v State*, 997 So 2d 375, 379 (Fla, 2008); *Gladden v State*, 110 P3d 1006, 1010 (Alas App, 2005); *State v Brown*, 342 Md 404, 414 (1996); *People v Windham*, 19 Cal 3d 121, 128 (1977); *Rodriguez v State*, 982 So 2d 1272, 1274 (Fla App, 2008); *State v Weiss*, 92 Ohio App 3d 681, 685 (1993).

[8] *Russell*, 471 Mich at 190 ("Upon a defendant's *initial* request to proceed pro se, a court *must* determine that (1) the defendant's request is unequivocal, (2) the defendant is asserting his right knowingly, intelligently, and voluntarily through a colloquy advising the defendant of the dangers and disadvantages of self-representation, and (3) the defendant's self-representation will not disrupt, unduly inconvenience, and burden the court and the administration of the court's business.") (emphasis added).



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

October 16, 2009

Clerk