# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

SAEJAR DEONTE PARKER,

        Defendant-Appellant.

UNPUBLISHED
February 24, 2015

No. 319089
Saginaw Circuit Court
LC No. 13-038499-FH

Before: RIORDAN, P.J., and MURPHY and BOONSTRA, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions of third-degree criminal sexual conduct, MCL 750.520d(1)(a) (sexual penetration where victim is at least 13 but under 16), and fourth-degree criminal sexual conduct, MCL 750.520e(1)(a) (sexual contact where victim is at least 13 but under 16). These convictions stem from defendant sexually assaulting his 14-year old niece, which involved touching her breast and digital penetration. Defendant was sentenced as a fourth-offense habitual offender, MCL 769.12, to serve concurrent prison terms of 20 to 35 years for third-degree criminal sexual conduct and 34 months to 15 years for fourth-degree criminal sexual conduct. We affirm.

## I. SELF-REPRESENTATION

## A. STANDARD OF REVIEW

Defendant first contends that he was denied his right of self-representation. "We review for clear error the trial court's factual findings surrounding a defendant's waiver. However, to the extent that a ruling involves an interpretation of the law or the application of a constitutional standard to uncontested facts, our review is de novo." *People v Russell*, 471 Mich 182, 187; 684 NW2d 745 (2004).

## B. ANALYSIS

"The right of self-representation under Michigan law is secured by Const 1963, art 1, § 13 and by statute, MCL 763.1." *People v Williams*, 470 Mich 634, 642; 683 NW2d 597 (2004). The right to counsel is essential to a fair trial. *Russell*, 471 Mich at 187-188. "While a defendant may choose to forgo the assistance of counsel at trial, any waiver of the right to counsel must be knowing, voluntary, and intelligent." *Id.* at 188. A trial court should "make every reasonable

-1-

presumption *against* the waiver of a fundamental constitutional right, including the waiver of the right to the assistance of counsel." *Id.* (Emphasis in original).

Before a defendant may represent himself at trial, the trial court must find the following: (1) that the defendant's request is unequivocal, (2) that the defendant asserted his right knowingly, intelligently, and voluntarily, which the court should ascertain through a colloquy during which it advises defendant of the dangers and disadvantages of self-representation, and (3) that the defendant's self-representation will not disrupt, unduly inconvenience, and burden the court and the administration of the court's business. *Id.* at 190, citing *People v Anderson*, 398 Mich 361, 367-368; 247 NW2d 857 (1976). If a court "is uncertain regarding whether any of the waiver procedures are met, he should deny the defendant's request to proceed *in propria persona*, noting the reasons for the denial on the record. The defendant should then continue to be represented by retained or appointed counsel, unless the judge determines substitute counsel is appropriate." *Russell*, 471 Mich at 191 (quotation marks, citation, and emphasis omitted). See also MCR 6.005(D).

In the instant case, the district court complied with the requirements regarding waiver of counsel. At the preliminary examination, defense counsel and defendant informed the court that defendant would like to represent himself. The court reviewed the charges, maximum penalties, and risks involved in self-representation. Although defendant stated that he knew the court was attempting to address the risks of self-representation, he did not clearly indicate that he understood those risks. Rather, he stated that he could not trust anyone, including the president, and that he placed his hope in God as he "go[es] strictly off of the scriptures of the Bible." Defendant conceded that he had never represented himself at a trial before. Concerns also were raised regarding defendant's ability to read.

The court concluded that it had significant reservations regarding whether defendant's waiver of counsel was intelligently made. The court recognized that defendant's legal knowledge was not the inquiry, but also found relevant considerations were defendant's background, his experience, his conduct, his coherence, and his capability in representing himself. As we have previously recognized, "[c]redibility is crucial in determining a defendant's level of comprehension, and the trial judge is in the best position to make this assessment." *Williams*, 470 Mich at 640 (quotation marks and citation omitted). Significant issues were raised regarding defendant's intelligent waiver of counsel, including his ability to read and his evasive responses regarding his comprehension of the risks of self-representation. We find no error in the district court's findings regarding defendant's ability to intelligently waive counsel especially considering that the trial court was in the best position to make that ultimate determination.

Moreover, the court further concluded that self-representation would disrupt or unduly inconvenience the court and court proceedings. That finding also was not in error. Throughout the preliminary examination defendant displayed disruptive behavior, which included failing to respond directly or clearly to questions from the court. Despite the court's attempt to keep defendant focused on the questions at hand, defendant engaged in lengthy caveats and resisted attempts to bring the discussion back to the relevant matter. Defendant also abruptly demanded that the proceedings stop, demanded an interlocutory appeal, requested a mock trial, and repeatedly claimed he was framed.

Considering defendant's evasive responses to the court's inquires and his disruptive, non-responsive behavior, we find no error in the district court's ruling. "[T]he required waiver procedures were not met, ostensibly dictating that appointed counsel continue to represent defendant." *People v Kammeraad*, __ Mich App __; __ NW2d __ (Docket No. 315114, issued October 7, 2014); slip op at 20.

Defendant also references the July 2, 2013 hearing in circuit court. At that hearing, defense counsel advised the court that from the start of the case defendant had requested to represent himself. Defense counsel moved to withdraw as counsel. When the court asked defendant what his wish was, defendant responded that he put his trust "in the Father, the Son, and the Holy Spirit[.]" He further stated: "I got – I trust in God. So if you want to leave him on my case, I will say this, it's up to you, your Honor. I lean not on my own understanding. I trust in God. Ain't nothing I can do but be silent." The court appointed defendant new counsel.

In reviewing defendant's comments, we do not find that they satisfy the requirements of an unequivocal, voluntary, knowing, and intelligent waiver. *Russell*, 471 Mich at 190. Rather, defendant was merely indicating that he did not trust his current counsel, which is not an unequivocal request for self-representation. *Kammeraad*, __ Mich App at__; slip op at 20. We also recognize that a trial court should draw every reasonable presumption *against* the waiver of counsel. *Russell*, 471 Mich at 188. We find no error warranting reversal.[1]

## II. SENTENCING

Lastly, defendant contends that the sentencing court impermissibly enhanced his sentence based on facts not found by the jury when it scored various offense variables. Defendant contends this was in violation of *Alleyne v United States*, __ US __; 133 S Ct 2151; 186 L Ed 2d 314 (2013). However, as defendant concedes, we have rejected this argument.

In *People v Herron*, 303 Mich App 392, 405; 845 NW2d 533 (2013), we held that "judicial fact-finding to score Michigan's sentencing guidelines falls within the wide discretion accorded a sentencing court in the sources and types of evidence used to assist the court in determining the kind and extent of punishment to be imposed within limits fixed by law." (Quotation marks and citation omitted). This Court concluded, "Michigan's sentencing guidelines are within the broad sentencing discretion, informed by judicial factfinding, that does not violate the Sixth Amendment." *Id.* Thus, defendant's argument has been foreclosed by *Herron*.[2]

---

[1] We note that defendant cites at length *People v Hill*, 282 Mich App 538, 555-557; 766 NW2d 17 (2009). However, the portion defendant relies on is the dissent, not the majority opinion.

[2] An appeal in *Herron* was held in abeyance pending the Michigan Supreme Court's decision in *People v Lockridge*, 496 Mich 852; 846 NW2d 925 (2014). See *People v Herron*, __ Mich __; 846 NW2d 924 (2014). However, "[t]he filing of an application for leave to appeal to the Supreme Court or a Supreme Court order granting leave to appeal does not diminish the precedential effect of a published opinion of the Court of Appeals." MCR 7.215(C)

## III. CONCLUSION

The lower court did not err in denying defendant's request for self-representation and defendant is not entitled to resentencing. We affirm.

/s/ Michael J. Riordan
/s/ William B. Murphy
/s/ Mark T. Boonstra