# Order

Michigan Supreme Court
Lansing, Michigan

October 16, 2015

Robert P. Young, Jr.,
Chief Justice

Stephen J. Markman
Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein
Joan L. Larsen,
Justices

151514

PEOPLE OF THE STATE OF MICHIGAN,
        Plaintiff-Appellant,

v

                                          SC: 151514
                                          COA: 318294
                                          Van Buren CC: 12-018553-FC

ANTONIO LEWIS,
        Defendant-Appellee.

_____/

On order of the Court, the application for leave to appeal the March 5, 2015 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the question presented should be reviewed by this Court.

MARKMAN, J. (*dissenting*).

I respectfully dissent from this Court's order denying leave to appeal and would instead grant leave to address how trial courts should evaluate a defendant's request for self-representation after trial has started.

Defendant was charged with first-degree murder. He requested court-appointed counsel, but between jury empanelment and opening statements, defendant requested to represent himself. He expressed his belief that his lawyer did not fully understand aspects of his case and that it would be more effective for him to represent himself than to explain everything to her. The trial court denied defendant's request, asserting that although defendant's waiver of counsel was unequivocal and intelligently made, proceeding without counsel would unduly burden and inconvenience the proceeding.

Following trial, defendant was convicted, but his conviction was vacated by the Court of Appeals. The Court concluded that the trial court had abused its discretion in failing to articulate facts showing that defendant's waiver would unduly burden or inconvenience the trial. It further noted that nothing on the record suggested that defendant did not fully understand the proceedings, that he would be disruptive or overly emotional, or that he sought to advance a markedly different theory of defense than his lawyer had developed. *People v Lewis*, unpublished opinion per curiam of the Court of Appeals, issued March 5, 2015 (Docket No. 318294), pp 16-17.

This Court addressed a similar situation in *People v Hill*, 485 Mich 912 (2009) (*Hill I*); see also *Hill v Curtin*, 792 F3d 670 (CA 6, 2015) (en banc) (denying habeas corpus relief) (*Hill II*). In *Hill I*, the trial court denied as untimely the defendant's day-of-trial request to represent himself. The defendant then appealed his conviction in the

Court of Appeals, arguing that he had been denied his constitutional right of self-representation. That Court upheld the conviction, and this Court affirmed in part with respect to the self-representation issue, albeit for a different reason, observing that the "defendant's request was not timely and granting the request at that moment would have disrupted, unduly inconvenienced, and burdened the administration of the court's business." *Hill I*, 485 Mich at 912. Hill then unsuccessfully petitioned for a writ of habeas corpus in federal district court. On appeal, after a panel of the United States Court of Appeals for the Sixth Circuit reversed the district court and vacated Hill's conviction, the Sixth Circuit, sitting en banc, vacated the panel's decision and affirmed the district court. *Hill II*, 792 F3d at 674. See also *Jones v Bell*, __ F3d __ (CA 6, 2015) (Docket No. 14-1014, issued August 13, 2015) (reversing a grant of habeas corpus relief when the defendant sought on the day of trial to represent himself).

The en banc court explained in *Hill II* that the governing United States Supreme Court case, *Faretta v California*, concerned a defendant seeking to represent himself "weeks before trial." *Hill II*, 792 F3d 678-679, quoting *Faretta v California*, 422 US 806, 835 (1975). *Faretta* thus afforded no guidance concerning whether a day-of-trial request for self-representation is untimely. *Hill II*, 792 F3d at 678-679. By contrast, the Court of Appeals in this case relied heavily on *Faretta* in vacating defendant's conviction and gave little attention to the interpretation of the constitutional right of self-representation articulated in our *Hill I* order.

The record shows that defendant (1) had earlier requested appointed counsel, (2) had months to decide whether to represent himself, (3) stated that he had not seriously considered self-representation until the start of trial, (4) stated that he had done no preparation to represent himself, (5) stated that he was satisfied with his lawyer's representation, (6) could not cogently articulate how he could do better than his appointed lawyer, and (7) was ill-informed about the rules of evidence and procedure. Given these facts, I would grant leave to more closely assess the trial court's decision to deny defendant's motion for self-representation. I believe both that trial courts generally could benefit from our guidance about how to evaluate requests for self-representation after trial has started and that this case specifically deserves closer review.

LARSEN, J., did not participate in the disposition of this matter because the Court considered it before she assumed office and her vote is not outcome-determinative.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

October 16, 2015



Clerk

p1013