# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
November 8, 2016

Plaintiff-Appellee,

v

No. 328486
Muskegon Circuit Court
LC No. 14-065197-FH

MICHAEL THOMAS,

Defendant-Appellant.

Before: SAWYER, P.J., and MARKEY and O'BRIEN, JJ.

PER CURIAM.

Defendant was convicted by a jury of assault and battery, MCL 750.81. The trial court sentenced defendant to 93 days in jail, with credit for time served. Defendant appeals by right. We affirm but remand for correction of the judgment of sentence.[1]

Defendant first argues that the trial court erroneously refused defendant's request to waive counsel. We review a trial court's decision to permit a defendant to represent himself for an abuse of discretion. *People v Hicks*, 259 Mich App 518, 521; 675 NW2d 599 (2003). A criminal defendant has a right to represent himself. US Const, Am VI; Const 1963, art 1, § 13; MCL 763.1. To effectuate a valid waiver of counsel and to permit a defendant to represent himself, certain requirements must be met:

---

[1] Defendant was charged with count (1) possessing a weapon as a prisoner, MCL 800.283(4) and count (2) assault with a dangerous weapon (homemade knife or shank), MCL 750.82. He was also charged with being a fourth-offense habitual offender, MCL 769.12. The jury found defendant not guilty of the felonies but convicted him of the lesser-included offense of assault and battery, a misdemeanor. Because the plain language of the habitual offender statutes requires for the enhancement of a sentence that a person both commit a subsequent felony and be convicted of the subsequent felony, see MCL 769.12(1), the trial court erred by checking the box on the judgment of sentence that indicates defendant was convicted by the court of the habitual offender charge. We therefore remand for the ministerial task of correcting the judgment of sentence to remove reference to the habitual offender charge or to indicate that it was dismissed.

-1-

Upon a defendant's initial request to proceed pro se, a court must determine that (1) the defendant's request is unequivocal, (2) the defendant is asserting his right knowingly, intelligently, and voluntarily through a colloquy advising the defendant of the dangers and disadvantages of self-representation, and (3) the defendant's self-representation will not disrupt, unduly inconvenience, and burden the court and the administration of the court's business. [*People v Russell*, 471 Mich 182, 190; 684 NW2d 745 (2004).]

"The existence of a knowing and intelligent waiver of the Sixth Amendment right to counsel depends upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused." *People v McElhaney*, 215 Mich App 269, 274; 545 NW2d 18 (1996). "[I]t is a long-held principle that courts are to make every reasonable presumption *against* the waiver of a fundamental constitutional right, including the waiver of the right to the assistance of counsel." *Russell*, 471 Mich at 188.

In this case, on the first day of trial, defense counsel—at defendant's request—moved to adjourn; the trial court denied the motion. After the trial court denied the motion to adjourn, defendant asked to represent himself. The trial court denied defendant's request for self-representation on the basis that allowing defendant to represent himself would unduly burden the administration of court business.

It appears from the record that the trial court did not consider whether defendant's request was unequivocal and made knowingly, intelligently, and voluntarily. This does not mean, however, that the trial court abused its discretion in its ultimate decision to deny defendant's request. Defendant does not present anything to support that a trial court must make conclusions on the three factors in any particular order or that it must consider whether the request was unequivocal and was made knowingly, intelligently, and voluntarily at all if it first concludes that the request would disrupt, unduly inconvenience, or burden the court. To effectuate a waiver of counsel, the trial court must conclude that all three requirements set out in *Russell* were met, but if any one of the three is not, a defendant has not effectuated a valid waiver of counsel. *Russell*, 471 Mich at 190-192. If the trial court properly determined that defendant's self-representation would have disrupted trial, there could be no valid waiver. *Id*.

Moreover, in *People v Hill*, 282 Mich App 538, 551; 766 NW2d 17 (2009), aff'd in part, vacated in part 485 Mich 912 (2009), the trial court denied the defendant's request to represent himself "without any pertinent inquiry" into whether the request was unequivocal or made knowingly, intelligently, and voluntarily. In reviewing the case, our Supreme Court concluded that the trial court's decision "did not deny the defendant his constitutional right to self-representation where the defendant's request was not timely and granting the request at that moment would have disrupted, unduly inconvenienced, and burdened the administration of the court's business" and the defendant's constitutional right to self-representation was not violated. *People v Hill*, 485 Mich 912; 773 NW2d 257 (2009).

Defendant has not shown that the trial court abused its discretion in finding that his self-representation would have disrupted trial. The record supports that defendant brought numerous pretrial motions but did not ask to represent himself before the first day of trial. There is nothing to suggest that defendant had prepared in any way to represent himself. Earlier, the trial court

expressed its concern that defendant's motion to adjourn was "just an attempt to stall off the trial." Finding that defendant's self-representation would disrupt, unduly inconvenience, and burden the court and the administration of the court's business did not fall outside the range of reasonable and principled outcomes, and, therefore, the trial court did not abuse its discretion in denying defendant's request. *Hicks*, 259 Mich App 521.

Defendant next argues that he was deprived of his right to a fair trial when the trial court admitted irrelevant and prejudicial expert testimony regarding gang activity. This issue has been waived. Waiver is "the intentional relinquishment or abandonment of a known right." *People v Kowalski*, 489 Mich 488, 503; 803 NW2d 200 (2011) (citation and quotation marks omitted). A defendant may waive his right to challenge expert testimony. *People v Sardy*, 313 Mich App 679, 719; ___ NW2d ___ (2015). In this case, defense counsel expressly approved the trial court's action in accepting the subject witness as an expert and specifically indicated that he wanted the witness to testify regarding gang activities in prison. Accordingly, defendant has waived this issue, and there is no claim of error for this Court to review. *People v Carter*, 462 Mich 206, 219; 612 NW2d 144 (2000).

Finally, defendant argues that he was denied the effective assistance of counsel when his trial counsel failed to object to the admission of the expert's testimony. To establish the ineffective assistance of counsel a defendant must show (1) that counsel's representation fell below an objective standard of reasonableness, and (2) that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *People v Toma*, 462 Mich 281, 302-303; 613 NW2d 694 (2000). Defendant has not shown that any inadmissible evidence was improperly admitted at trial. "Trial counsel is not required to advocate a meritless position." *People v Snider*, 239 Mich App 393, 425; 608 NW2d 502 (2000). Defendant has not shown that defense counsel's performance was deficient or that he was prejudiced. *Id*. at 424.

We affirm but remand for correction of the judgment of sentence. We do not retain jurisdiction.

/s/ David H. Sawyer
/s/ Jane E. Markey
/s/ Colleen A. O'Brien