# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
February 23, 2017

     Plaintiff-Appellee,

v

No. 329177
Mecosta Circuit Court
LC No. 08-006437-FC

JONATHAN JOSEPH GOOD,

     Defendant-Appellant.

Before: BORRELLO, P.J., and MARKEY and M. J. KELLY, JJ.

PER CURIAM.

Defendant, Jonathan Good, was convicted of safe breaking, MCL 750.531, seven counts of breaking and entering with intent to commit a larceny or felony, MCL 750.110, first-degree home invasion, MCL 750.110a(2), two counts of armed robbery, MCL 750.529, unlawfully driving away a motor vehicle, MCL 750.413, two counts of conspiracy to commit murder, MCL 750.157a and MCL 750.316(1)(a), two counts of assault with intent to commit murder, MCL 750.83, attempted murder, MCL 750.91, witness intimidation, MCL 750.122(7)(c), operating a criminal enterprise, MCL 750.159i(1), and seven counts of possession of a firearm during the commission of a felony, MCL 750.227b. We affirmed his convictions in a prior appeal, but vacated the portion of the judgment of sentence imposing attorney fees because the trial court erroneously imposed attorney fees for the period of time where Good was representing himself. *People v Good*, unpublished opinion per curiam of the Court of Appeals, issued October 15, 2013 (Docket No. 295538); unpub op at 1. We remanded for a "determination and imposition of court-appointed attorney costs only for assistance rendered from March 28, 2008 to March 19, 2009." *Id*. On remand the trial court entered an amended judgment of sentence requiring Good to pay court-ordered attorney fees of $20,638.33. Because the trial court erred in calculating that amount, we remand for correction of the amended judgment of sentence and an amended order to remit consistent with this opinion.

## I. ATTORNEY FEES

Good first argues that the $20,638.33 assessment for attorney fees includes an overpayment of $3,870.50 to his court-appointed lawyer. The prosecution has confessed error under MCR 7.211(C)(7). Further, a review of the relevant documentation shows that two invoices were double counted, resulting in an order that is too high by $3,870.50. Accordingly, we remand to the trial court for entry of an amended judgment of sentence reducing the amount owed for court-appointed attorney fees from $20,638.33 to $16,767.83.

-1-

## II. STANDARD 4 BRIEF

Good raises a number of additional issues in a pro se Standard 4 brief filed under Administrative Order 2004-6, Standard 4.

### A. SELF-REPRESENTATION

Good first argues that he was denied the opportunity to represent himself at the hearing on remand regarding notice of intent to determine and impose attorney fees. At the conclusion of his lawyer's argument at that hearing, just as the court was prepared to issue its decision, Good announced that he wanted to fire his lawyer and represent himself. The trial court refused to allow Good to represent himself at that late juncture, noting that Good's lawyer had completed his argument and that it was time for the court to make its ruling. We review the court's decision for an abuse of discretion. See *People v Hicks*, 259 Mich App 518, 521; 675 NW2d 599 (2003).

In *People v Russell*, 471 Mich 182, 188-190, 684 NW2d 745 (2004), our Supreme Court noted that a defendant "has a constitutional right to proceed without counsel," but added that "while the right of self-representation is a fundamental constitutional right, other interests, such as the failure to effectively waive the right to counsel or a governmental interest in 'ensuring the integrity and efficiency of the trial' may in some instances outweigh the defendant's constitutional right to act as his own counsel.' " *Russell*, 471 Mich at 189, quoting *Martinez v Court of Appeal of California*, 528 US 152, 162; 120 S Ct 684; 145 L Ed 2d 597 (2000). The Court also noted that under *People v Anderson*, 398 Mich 361; 247 NW2d 857 (1976) and MCR 6.005(D), a defendant must be carefully advised upon his *initial* request to proceed pro se, and

> a court must determine that (1) the defendant's request is unequivocal, (2) the defendant is asserting his right knowingly, intelligently, and voluntarily through a colloquy advising the defendant of the dangers and disadvantages of self-representation, and (3) the defendant's self-representation will not disrupt, unduly inconvenience, and burden the court and the administration of the court's business. [*Russell*, 471 Mich at 190.]

In addition, a trial court must satisfy the requirements of MCR 6.005(D), which provides in pertinent part:

> The court may not permit the defendant to make an *initial* waiver of the right to be represented by a lawyer without first
>
> > (1) advising the defendant of the charge, the maximum possible prison sentence for the offense, any mandatory minimum sentence required by law, and the risk involved in self-representation, and
> >
> > (2) offering the defendant the opportunity to consult with a retained lawyer or, if the defendant is indigent, the opportunity to consult with an appointed lawyer. [Emphasis added.]

After the initial request, a defendant need only be generally advised of his continuing right to a lawyer at the beginning of the proceeding and must reaffirm that a lawyer's assistance is not wanted. MCR 6.005(E).

Here, although Good asserts that the trial court failed to conduct the requisite inquiry outlined in *Russell*, this was not Good's *initial* request to represent himself because he had represented himself with the assistance of standby counsel during his lengthy trial. Moreover, because Good was represented by a lawyer on remand, the trial court did not have to advise Good of his continuing right to a lawyer at the beginning of the proceeding as required by MCR 6.005(E). Further, the trial court need not make any inquiry when untimeliness is the reason for the denial. As observed in *Hill v Curtain*, 792 F3d 670, 678 (CA 6, 2015):

> Although the [Michigan] Supreme Court has required such an inquiry before *granting* a self-representation request—which is, in effect, a waiver of the right to counsel—it has not required a court to inquire before *denying* a request as untimely. [Emphasis in original; alterations added][1]

Good argues that untimeliness was not a valid reason to preclude him from representing himself because his request was timely asserted as soon as he realized that his lawyer was not making arguments that he wanted to advance. However, in *Hill v Curtain*, 792 F3d at 680, the Court held that a request made on the morning of trial when the defendant "realized that he was dissatisfied with counsel" was not timely and that "a defendant's subjective dissatisfaction with counsel would be an unworkable benchmark for timeliness." Good made his request at the end of the hearing, just as the court was prepared to rule. We conclude that the request at that juncture was untimely and the trial court did not abuse its discretion in denying it.

## B. RIGHT OF ALLOCUTION

Good next argues that his right to due process was violated because the trial court did not afford him the right of allocution at the hearing on remand. The scope and applicability of the common-law right of allocution is a question of law, which we review de novo. *People v Petty*, 469 Mich 108, 113; 665 NW2d 443 (2003).

In Michigan, a defendant's right of allocution is expressly recognized by MCR 6.425(E)(1)(c), which provides that, *at sentencing*, the court must "give the defendant, the defendant's lawyer, the prosecutor, and the victim an opportunity to advise the court of any circumstances they believe the court should consider in imposing sentence[.]" Good was sentenced at a hearing held on September 17, 2009, and he was allowed to allocute at that time.

---

[1] See also *People v Hill*, 485 Mich 912, 912; 773 NW2d 257 (2009) (concluding that the defendant was not denied his right of self-representation where the request "was not timely and granting the request at that moment would have disrupted, unduly inconvenienced, and burdened the administration of the court's business"); and *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999) (emphasis added) (stating "a constitutional right may be forfeited by a party's failure to *timely* assert that right").

On appeal, Good asserts that he should have been allowed to allocute on resentencing as well. However, the hearing on remand was not a resentencing; we remanded the case solely for a "determination and imposition of attorney costs for court-appointed legal assistance rendered from March 28, 2008, to March 19, 2009." *Good*, unpub op at 23. There was no remand for resentencing or a redetermination whether attorney fees were owed. In fact, our decision did not even require that a hearing be held. Thus, because the hearing did not involve a resentencing, but merely a proceeding to determine the correct amount of attorney fees, the right of allocution did not apply.

## C. INEFFECTIVE ASSISTANCE OF COUNSEL ON REMAND

Good also argues that his lawyer on remand was ineffective for various reasons. Good did not move for a new trial or request an evidentiary hearing on this claim. Accordingly, our review of his ineffective assistance claim is limited to mistakes apparent from the record. *People v Heft*, 299 Mich App 69, 80; 829 NW2d 266 (2012). Further, as previously noted, this case was solely remanded for a "determination and imposition of attorney costs for court-appointed legal assistance rendered from March 28, 2008, to March 19, 2009." *Good*, unpub op at 23. "When an appellate court remands a case with specific instructions, it is improper for a lower court to exceed the scope of the order." *People v Russell*, 297 Mich App 707, 714; 825 NW2d 623 (2012); *People v Jones,* 394 Mich 434, 435-436; 231 NW2d 649 (1975).[2]

### 1. CHARGE FOR REVIEW OF IN PRO PER MOTIONS

Good first argues that his lawyer was ineffective for failing to challenge attorney fees charged for review of pro se matters that occurred during the time period where he was represented by a lawyer. Specifically, he contends that he should not have to pay the attorney fees associated with Invoice 3888, which itemizes charges incurred from October 2, 2008 through November 19, 2008. Good represents that these charges were related to a pro se petition for habeas corpus relief and a pro se motion for superintending control. However, nothing in the invoice indicates that the lawyer charged for anything related to a complaint for superintending control. And, although there is a reference in the invoice to MCR 3.303, which deals with habeas corpus, some of the entries indicate that research was done at the behest of Good, and there is a charge for attendance at a motion on a habeas petition. Therefore, on the record before us, it appears Good's lawyer actually rendered legal services in connection with the challenged

---

[2] Although Good presents this as an issue that touches on the law of the case doctrine, that doctrine has no application in the context of this case. In *Grievance Administrator v Lopatin*, 462 Mich 235, 259; 612 NW2d 120 (2000) (citation omitted), the Court noted that "[u]nder the law of the case doctrine, 'if an appellate court has passed on a legal question and remanded the case for further proceedings, the legal questions thus determined by the appellate court will not be differently determined on a subsequent appeal in the same case where the facts remain materially the same.' " This contemplates a situation where an appellate court has ruled on a matter and a party is seeking to have the matter determined differently. It does not suggest that if an appellate court has not looked at an issue because it was not raised that a lower court may entertain the issue on remand even if it is beyond the scope of the remand order.

invoice. Because a criminal defense lawyer's assistance with a petition for habeas corpus does not seem so far removed from the duty to represent a client that it would categorically be regarded as non-compensable, we conclude that Good's lawyer was not ineffective on remand for failing to challenge the attorney fees on Invoice 3888.

## 2. CHARGE FOR SERVICES OF STAFF

Good also asserts that his lawyer on remand was ineffective for failing to challenge charges on the invoices that related to individuals other than his court-appointed lawyer. In the invoices provided by the court-appointed lawyer, there are references to charges for "Legal," "Legal 2," and "Legal Ass't." Good represents that "Legal" refers to his court-appointed lawyer and that "Legal 2" refers to a different lawyer. He asserts that under MCL 775.18 only his court-appointed lawyer is entitled to compensation.

MCL 775.18 provides:

> Only 1 attorney in any 1 case shall receive the compensation above contemplated, nor shall he be entitled to this compensation until he files his affidavit in the office of the county clerk, in which such trial or proceedings may be had, that he has not, directly or indirectly, received any compensation for such services from any other source.

"Above contemplated" refers to MCL 775.16, which provides that "[w]hen a person charged with having committed a crime appears before a magistrate without counsel, the person shall be advised of his or her right to have counsel appointed. If the person states that he or she is unable to procure counsel, the magistrate shall appoint counsel, if the person is eligible for appointed counsel under the Michigan indigent defense commission act[, MCL 780.981 *et seq.*]" The phrase also refers to MCL 775.17, which provides that "[a]n attorney shall not, in such case, be compelled to follow a case into another county or into the supreme court, but if he does so, may recover an enlarged compensation to be fixed by the court."

Based on MCL 775.18, the county may have had an argument that it would only have been required to pay for one lawyer. However, MCL 769.1k(1), the statute allowing the court to impose attorney fees on a convicted defendant, provides in pertinent part:

> (1) If . . . the court determines after a hearing or trial that the defendant is guilty, both of the following apply at the time of the sentencing or at the time entry of judgment of guilt is deferred pursuant to statute or sentencing is delayed pursuant to statute:

> * * *

> (b) The court may impose any or all of the following:

> * * *

-5-

(*iv*) The expenses of providing legal assistance to the defendant.[3]

In this case, because the record before the county established the expenses of providing legal assistance to Good in the form of invoices and vouchers actually paid to the court-appointed attorney, and because MCL 769.1k(1)(b)(*iv*) authorized imposing these expenses on Good, we conclude that Good's lawyer on remand was not ineffective for failing to argue that Good should only have had to pay for the services of the entity designated as "Legal."

### 3. AVOIDANCE OF COSTS, FINES, AND FEES

Good next argues that his lawyer was ineffective for failing to move for finalization of the amended judgment on remand, between the period when *People v Cunningham*, 496 Mich 145, 147; 852 NW2d 118 (2014), was decided on June 18, 2014 (holding that MCL 769.1k(1)(b)(*ii*) allowed for imposition of costs, fines, and fees in a criminal case only when authorized by statute), and when MCL 769.1k(1)(b)(*ii*) was amended by 2014 PA 352, effective October 17, 2014, to allow such costs, fines, and fees. However, this case was remanded for a calculation of attorney costs for court-appointed legal assistance during a specific period, which was expressly allowed by then subsection (*iii*) of the statute. A foray into the other costs assessed against Good in the judgment of sentence would have been beyond the scope of the remand order and would therefore have been improper for the trial court to consider. See *Russell*, 297 Mich App at 714.[4] Accordingly, Good's lawyer was not ineffective for failing to expeditiously seek a revision of the judgment as to costs where it would have been futile. See *People v Buie (On Remand)*, 298 Mich App 50, 66; 826 NW2d 361 (2012) (stating that a trial lawyer "is not ineffective for failing to pursue a futile motion").

Good also argues that no costs, fines, or fees could be awarded under MCL 769.1k because he was convicted by a jury. MCL 769.1k provides for an assessment only when "a defendant enters a plea of guilty or nolo contendere or if the court determines after a hearing or trial that the defendant is guilty." MCL 769.1k. Good asserts that the "court" did not determine his guilt, but rather the jury did. In *Cunningham*, 496 Mich at 152, the Court paraphrased this provision as stating that "when a criminal defendant pleads guilty or nolo contendere, *or is otherwise found guilty*, courts may impose certain financial obligations at the time of sentencing"

---

[3] This is the current version of the statute, which was amended by 2014 PA 352. Before amendment, subsection (*iv*) was subsection (*iii*).

[4] Good argues that his due process rights were violated when costs were not reassessed because the amended version of MCL 769.1k "could not have been subject to previous decision of this court and are therefore [sic] could not be inconsistent with this Court's order to remand on the invalidated provisions of the previous version of MCL 769.1k which, this court relied on in remanding this matter." Good argues that his lawyer should have specifically objected to a charge of $25,751.88 for transcripts. Again, Good misinterprets the law of the case doctrine, see *Lopatin*, 462 Mich at 259, and ignores the proviso that a lower court cannot delve into matters beyond the scope of a remand order, see *Russell*, 297 Mich App at 714. Accordingly, Good had a due process right to raise this issue in the initial appeal.

(emphasis added), indicating that the phrase encompasses a jury verdict. Moreover, interpreting the statute in the manner urged by Good would improperly lead to an absurd result. See *People v Tennyson*, 487 Mich 730, 741; 790 NW2d 354 (2010) ("[s]tatutes must be construed to prevent absurd results"). Accordingly, we conclude that the trial court did not err in imposing costs under MCL 769.1k after Good was found guilty by a jury.

### 4. *LOCKRIDGE*

Good next argues that the trial court engaged in unconstitutional judicial fact-finding when scoring offense variables (OVs) and that as a result, he is entitled to a *Crosby*[5] remand as provided in *People v Lockridge*, 498 Mich 358; 870 NW2d 502 (2015). Good's argument is confusing with respect to whether he is arguing entitlement to relief based on *Lockridge* or whether he is arguing that his lawyer was ineffective for failing to raise *Lockridge* at the hearing on remand. Regardless, a *Lockridge* challenge would clearly have been beyond the scope of this Court's remand order, so Good is not entitled to relief on this basis. See *Russell*, 297 Mich App at 714.

### 5. RESTITUTION FOR UNCHARGED CONDUCT

Good was ordered to pay restitution in the amount of $24,105.99. At sentencing, he objected to having to pay restitution to the Ace Gun Shop on grounds that there were no charges related to that case. We note that on June 26, 2014, after this case was remanded on October 15, 2013, but before the July 10, 2015 hearing on attorney fees in the lower court, our Supreme Court decided *People v McKinley*, 496 Mich 410; 852 NW2d 770 (2014). In that case, the Court held that sentencing courts are not authorized to order criminal defendants to pay restitution to victims if their specific losses were not part of the factual predicate for the conviction. *Id.* at 424. In other words, a defendant cannot be ordered to pay restitution for losses to victims arising from uncharged conduct. However, because the issue was not properly raised in Good's first appeal and was beyond the scope of the remand order, we decline his invitation to review the issue now either on its merits or in conjunction with a challenge to the effectiveness of his lawyer on remand. See *Russell*, 297 Mich App at 714.

### D. RESTITUTION AND COURT COSTS

Finally, Good argues that the amended judgment of sentence allows for double payment, does not reflect that a certain amount had already been paid from his prison account for restitution, court costs, and fees, and does not indicate whether the restitution was imposed jointly and severally with his co-defendants. Because Good did not request a setoff for amounts already paid and did not request that the restitution order be made joint and several, these issues are unpreserved and review is for plain error affecting his substantial rights. See *People v Grant*, 445 Mich 535, 548-549; 520 NW2d 123 (1994). "To avoid forfeiture under the plain error rule, three requirements must be met: 1) error must have occurred, 2) the error was plain, i.e., clear or

---

[5] *United States v Crosby*, 397 F3d 103 (CA 2, 2005).

obvious, 3) and the plain error affected substantial rights." *People v Carines,* 460 Mich 750, 763; 597 NW2d 130 (1999).

Good argues that because the amended judgment of sentence and an amended order to remit were both sent to the Department of Corrections (DOC), the DOC had two orders allowing it to take Good's funds to pay the assessments. However, while the amended judgment of sentence establishes that Good owes the money, it does not include any mechanism for payment. The only order authorizing the DOC to take funds is the order to remit. Further, with respect to restitution, MCL 791.220h provided the mechanism for ordering payment. Thus, Good's concern that the amended judgment of sentence and the amended order to remit provide for double dipping is unwarranted.

Good also takes issue with the fact that the amended judgment of sentence did not provide for joint and several restitution with his co-defendants. This issue was not raised in Good's initial appeal and the remand order did not direct the lower court to address anything in the initial order relative to restitution. Because relief with respect to restitution would be beyond the scope of the remand order, we decline to address the issue. See *Russell*, 297 Mich App at 714.

Finally, Good asserts that the amended judgment does not reflect payments already made, which he claims will allow for recovery of funds already collected. To establish that payments were made, Good refers to the register of actions, but comes up with figures that do not correspond with payments reflected there. It appears that the trial court tried to account for payments already made when it issued the amended judgment of sentence and indicated a reduction in the balance due, and when it issued the amended order to remit detailing amounts due that were less than indicated in the amended judgment of sentence. However, none of the reduced amounts appear to reflect amounts collected as shown in the register of actions. Because of this confusion, we direct the trial court on remand to determine the amount of payments already made and to clearly indicate the adjusted amounts owing in the amended judgment of sentence and the amended order to remit.

Remanded for correction of the amended judgment of sentence and for an amended order to remit consistent with this opinion. We do not retain jurisdiction.

/s/ Jane E. Markey
/s/ Michael J. Kelly